## JOHNSON PLUMBING AND HEATING COMPANY v. THE BERGENFIELD PRESS, INCORPORATED.

Decided March 24, 1924.

**Contracts—Installing Heating Plant—Defendants Rule Asked on Ground of Refusal to Direct Verdict, and That Verdict was Both Against Weight of Evidence and was Excessive.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *Frank G. Turner.*

*Contra, Morris Cohn.*

PER CURIAM.

This suit was brought by the plaintiff to recover the contract price for installing a heating apparatus in the printing plant of the defendant, at Bergenfield, and for extra work done in connection therewith. The trial resulted in a verdict for the plaintiff for the full amount of its claim. We are now asked to set aside that verdict, because the court erroneously refused to direct a nonsuit, because it refused to direct a verdict in favor of the defendant, because the verdict is against the weight of the evidence, and because it is excessive.

The verdict now under review was rendered at a second trial of the cause. On the first trial, a rule to show cause having been allowed, this court made it absolute because it was against the weight of the evidence as to one of the items comprised in the plaintiff's claim, considering that in other respects the rule to show cause was without merit. The item which the jury allowed on the first trial and for which we set aside their verdict as against the weight of the evidence was for extra work, amounting to $606.72. The second trial resulted in a concurring verdict with relation to this item. In this situation we do not feel that we would be justified in interfering with the finding of the second jury in allowing this part of the plaintiff's claim.

As to the other grounds upon which we are asked to make the rule absolute, it is sufficient to say that we considered them without merit when presented on the return of the first rule to show cause and see no reason to doubt the soundness of that conclusion.

The rule to show cause will be discharged.